**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 08-CR-197-JHP |
| | ) |
| MARCO A. HENDRICKSON, | ) |
| | ) |
| **Defendant.** | ) |

## ORDER AND OPINION

Before the Court is Defendant's Motion to File Appeal Out of Time [Docket No. 95]. Both the Government and Counsel have filed Responses to Defendant's Motion. For the reasons set forth below, the motion is DENIED.

Pursuant to Federal Rule of Appellate Procedure 4(b)(1)(A), a defendant's notice of intent to appeal must be filed within ten (10) days of entry of the entry of judgment. Fed.R.App.P. 4(b)(1)(A)(i). In the instant case, the judgment was entered on May 6, 2009, and the ten (10) days have elapsed. However, Rule 4(b) also provides that the time for filing a notice of intent to appeal can be extended by up to thirty days upon a finding of "excusable neglect or good cause." Fed.R.App.P. 4(b)(4). It is incumbent upon the defendant to make a showing of excusable neglect or good cause.

Defendant argues his attorney failed to file a Notice of Appeal after being requested by Defendant to do so. Counsel filed a Response stating he was not asked to file a Notice of Appeal after he thoroughly discussed Defendant's right to appeal and the pros and cons of filing such an appeal. Additionally, Counsel states he discussed the possibility of filing an *Anders* brief with Defendant. Consequently, there is no evidence or showing of "excusable neglect or good cause"

which would warrant an extension to file a notice of intent to appeal.

Further, a time bar pursuant to Rule 4(b), while not jurisdictional, is "inflexible" and must be enforced when properly invoked by the Government. *United States v. Mitchell*, 518 F.3d 740, 744 (10th Cir. 2008); *United States v. Garduno*, 506 F.3d 1287, 1290-1291 (10th Cir. 2007), *Eberhart v. United States*, 546 U.S. 12, 19 (2005). In the instant case, the Government has properly raised the timeliness requirements of Rules 4(b)(1)(A) and 4(b)(4). The judgment was entered against Defendant on May 6, 2009. The ten-day period for filing a notice of intent to appeal under Rule 4(b)(1)(A)(i) expired on May 20, 2009. Even if Defendant had timely filed a motion to extend his time to appeal, and shown good cause or excusable neglect to justify the extension, the maximum extension this Court could have granted was thirty days, which would have expired on June 19, 2009. Because Defendant did not file either a notice of intent to appeal or a motion to extend the time to file his notice of appeal before June 19, 2009, this Court lacks the authority to allow Defendant to file the motion out of time. *United States v. Dotz*, 455 F.3d 644, 647 (6th Cir. 2006)("district court has discretion to consider a motion to extend the time for appeal beyond the 10-day deadline if and only if it is filed within 30 days after the 10-day deadline, or 40 days from the date of entry of judgment.") Therefore, because Defendant's motion was not timely filed, this Court lacks the authority to extend his time to file a notice of appeal.

Accordingly, Defendant's Motion to File Appeal Out of Time is denied.

**IT IS SO ORDERED this 28th day of October, 2009.**

James H. Payne
United States District Judge
Northern District of Oklahoma

2