IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case No. 08-CR-197-JHP-2 |
| MARCO A. HENDRICKSON, | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Before the Court are (1) Defendant Marco A. Hendrickson's ("Defendant") motion to vacate, set aside, or correct sentence by a person in federal custody brought pursuant to 28 U.S.C. § 2255 (Doc. No. 205); (2) Defendant's brief in support of his § 2255 motion (Doc. No. 219); (3) Defendant's *pro se* supplemental § 2255 motion (Doc. No. 220); and (4) the Government's motion to dismiss Defendant's § 2255 motion as supplemented (Doc. No. 232). Defendant seeks relief pursuant to the United States Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). The Government opposes Defendant's motion and urges the Court to dismiss the motion, as supplemented. For the reasons cited herein, Defendant's motion pursuant to § 2255, as supplemented, is **DENIED** and the Government's motion to dismiss is **GRANTED**.

## BACKGROUND

In 2009, Defendant pleaded guilty to interfering with commerce and aiding and abetting, in violation of 18 U.S.C. § 1951 and § 2 (Count One) and possession of firearms in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c) (Count Three). (Doc. Nos. 2, 57). In advance of sentencing, the United States Probation Office prepared a Presentence Investigation Report ("PSR") as to Defendant, in which it was recommended he be classified as a career

1

offender under the United States Sentencing Guidelines ("USSG" or "Guidelines"). (PSR ¶ 19). Defendant was classified as a career offender because (1) the offense of conviction in Count One was a felony crime of violence and (2) he had prior convictions for two crimes of violence and one controlled substance offense. (PSR ¶ 19). Defendant's predicate career offender convictions are (1) Possession of Illegal Sawed-Off Shotgun (McCurtain County County Case No. CF-1999-217), (2) Unlawful Possession of Marijuana with Intent to Distribute (McCurtain County Case No. CF-1999-301), and (3) Escape from County Jail (McCurtain County Case No. CF-2000-281). (PSR ¶ 19). On April 29, 2009, pursuant to the recommendation in the PSR, this Court sentenced Defendant to 151 months of imprisonment on Count One and 120 months of imprisonment on Count Three, with the terms to run consecutively. (Doc. No. 76).

Defendant filed an untimely direct appeal, which the Tenth Circuit dismissed. (Doc. No. 100). Thereafter, Defendant filed a § 2255 motion, alleging ineffective assistance of counsel for (1) failing to file a timely notice of appeal, (2) failing to challenge the career offender enhancement, and (3) failing to object to imposition of a mandatory minimum sentence in Count Three. (Doc. Nos. 104, 105, 137). Following an evidentiary hearing, this Court denied the § 2255 motion. (Doc. No. 162). Defendant appealed this Court's ruling on the issue of the mandatory minimum sentence in Count Three. The Tenth Circuit affirmed. *United States v. Hendrickson*, 592 F. App'x 699 (10th Cir. 2014).

Defendant then filed a second § 2255 motion, which is now pending before the Court. (Doc. No. 205). In his pending § 2255 motion, Petitioner seeks to change his career offender designation based on the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). While this motion was pending, Defendant filed a motion in the Tenth Circuit seeking authorization to file a second § 2255 motion in district court based on the *Johnson* claim, which

the Tenth Circuit granted. (Doc. No. 215). The Tenth Circuit further advised this Court to consider Defendant's unauthorized § 2255 motion.

On June 22, 2016, The Court appointed the Office of the Federal Public Defender to represent Defendant. (Doc. No. 217). On the same day, Defendant's attorney submitted a brief in support of his § 2255 motion. (Doc. No. 219). On June 27, 2016, Defendant submitted a *pro se* supplement to his § 2255 motion. (Doc. No. 220). The Government then sought to stay litigation in this proceeding until the United States Supreme Court issued a decision in *Beckles v. United States*, No. 15-8544. Following the Supreme Court's decision in *Beckles*, 137 S. Ct. 886 (2017), the Court found the Government's motion to stay litigation to be moot and ordered the Government to respond to the § 2255 motion. The Government filed a motion to dismiss the § 2255 motion as supplemented on April 27, 2017. (Doc. No. 232). Neither Defendant nor his counsel filed a response to the Government's motion.

## DISCUSSION

In *Johnson*, the United States Supreme Court established that the "residual clause" of the Armed Career Criminal Act, 18 U.S.C. § 924(e) ("ACCA") was unconstitutionally vague. 135 S. Ct. at 2557. The ACCA provides a fifteen-year mandatory minimum sentence for a person who is convicted as a felon in possession of a firearm, 18 U.S.C. § 922(g)(1), and has three prior convictions for violent felonies or serious drug offenses. 18 U.S.C. § 924(e)(1). The now-defunct "residual clause" of the ACCA defines a "violent felony" to include an offense that "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). The Supreme Court has since clarified that its decision under *Johnson* applies retroactively to cases on collateral review. *Welch v. United States*, 136 S. Ct. 1257 (2016).

Defendant was not sentenced under the ACCA but rather was sentenced as a career offender under the 2008 version of USSG § 4B1.1, based on his having prior convictions for two "crimes of violence" and one "controlled substance offense." (*See* PSR ¶ 19). However, the definition of "crime of violence" in the 2008 version of USSG § 4B1.2(a)(2) uses the same language as the ACCA's "residual clause." Because the ACCA's residual clause is unconstitutionally vague, Defendant now argues his sentence based on the residual clause of the "crimes of violence" definition should be vacated or set aside.

As the Government points out, however, Defendant's argument has since been foreclosed by the Supreme Court's decision in *Beckles*, 137 S. Ct. 886 (2017). In *Beckles*, the Supreme Court held the Guidelines' § 4B1.2(a) residual clause remains valid after *Johnson*, because the Guidelines are not subject to a vagueness challenge under the Due Process Clause. 137 S. Ct. at 895. Accordingly, Defendant cannot challenge his career offender sentence based on the unconstitutional vagueness of § 4B1.2's residual clause. His predicate career offender offenses remain valid "crimes of violence."

In support of his motion, Defendant relies on authority from the Tenth Circuit, in which the Court found the residual clause of USSG § 4B1.2(a)(2) to be unconstitutionally vague in light of *Johnson*. *See United States v. Madrid*, 805 F.3d 1204, 1210 (10th Cir. 2015). However, *Madrid's* holding was expressly abrogated by the Supreme Court in *Beckles*. 137 S. Ct. at 902 and n.3 (Sotomayor, J. concurring) (noting that the majority opinion "upends the law of nearly every Court of Appeals to have considered this question," citing *Madrid* as an example). Accordingly, Defendant is not eligible for retroactive relief under *Johnson*.

Finally, in his *pro se* supplement to his § 2255 motion, Defendant argues for the first time that his underlying conviction for possessing a firearm in furtherance of a crime of violence, in

violation of 18 U.S.C. § 924(c), is itself invalid in light of *Johnson*, because his conviction for interference with commerce under 18 U.S.C. § 1951 is not a qualifying predicate crime of violence. (Doc. No. 220, at 2). The Court declines to consider this new issue raised in Defendant's *pro se* supplement. Defendant is represented by counsel, Barry Derryberry, but he filed this supplement *pro se*. Defendant does not have the right to "hybrid" representation, and he cannot choose to represent himself on select issues. *United States v. McKinley,* 58 F.3d 1475, 1480 (10th Cir. 1995); *United States v. Bennett,* 539 F.2d 45, 49 (10th Cir. 1976). The Court has discretion to consider *pro se* filings by a criminal defendant who is represented by counsel, but is not obligated to accept such filings. *Bennett,* 539 F.2d at 49. Here, the Court declines to consider any new issues that may be raised in Defendant's *pro se* supplement (Doc. No. 220).

Accordingly, the Government's motion to dismiss is granted, and Defendant's § 2255 motion as supplemented is denied.

## EVIDENTIARY HEARING

This Court is required by § 2255 to hold an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. *See also United States v. Marr*, 856 F.2d 1471, 1472 (10th Cir. 1988). With this standard as a guide, the Court has thoroughly reviewed the pleadings, files, and record in this case, and from that review, the Court finds the record conclusively shows that Defendant is entitled to no relief on his claims and an evidentiary hearing is unnecessary.

## CERTIFICATE OF APPEALABILITY

Rule 11 of the Rules Governing Section 2255 Proceedings instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only

if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicate[s] which specific issue or issues satisfy [that] showing." A petitioner can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). After considering the record in this case, the Court concludes a certificate of appealability should not issue, as Defendant has not made a substantial showing of the denial of a constitutional right. The record is devoid of any authority suggesting that the Tenth Circuit Court of Appeals would resolve the issues in this case differently.

## CONCLUSION

For the foregoing reasons, Defendant Marco A. Hendrickson's motion to vacate, set aside, or correct sentence by a person in federal custody brought pursuant to 28 U.S.C. § 2255, as supplemented (Doc. Nos. 205, 220) is **DENIED**. The Government's motion to dismiss (Doc. No. 232) is **GRANTED.**

_____
James H. Payne
United States District Judge
Northern District of Oklahoma