UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 08-CR-0197-02-CVE |
| ) | (20-CV-0148-CVE-FHM) |
| MARCO A. HENDRICKSON, ) | |
| a/k/a Angele Marco Hendrickson, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

Now before the Court is Defendant's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Dkt. # 274). Defendant Marco A. Hendrickson is currently serving a sentence of 271 months after pleading guilty to charges of Hobbs Act robbery (count one) and possessing a firearm in furtherance of a crime of violence (count three). The Tenth Circuit Court of Appeals has granted defendant authorization to file a second or successive motion under 28 U.S.C. § 2255 challenging his conviction as to count three in light of the Supreme Court's decision in United States v. Davis, 139 S. Ct. 2319 (2019). The Court has reviewed defendant's motion and finds that it is unnecessary for plaintiff to file a response.

On December 3, 2008, a grand jury returned an indictment charging defendant and two others with interference with commerce by threats or violence in violation of 18 U.S.C. § 1951, also known as Hobbs Act robbery, and defendant was also charged with possessing a firearm in furtherance of a crime of violence (count three).[1] Dkt. # 2. Plaintiff subsequently filed a superseding information (Dkt. # 31) charging defendant with Hobbs Act robbery and possession of a firearm in furtherance

---

[1] The case was originally assigned to the Honorable James H. Payne. However, the case was reassigned to the undersigned on January 22, 2020.

of a crime of violence. Defendant changed his plea to counts one and three of the original indictment[2] without a plea agreement and he was sentenced to 151 months as to count one and 120 months as to count two. Dkt. ## 57, 76. The sentences were ordered to run consecutively for a total sentence of 271 months. Dkt. # 76, at 2. Defendant filed a notice of appeal almost five months after entry of the judgment and commitment, and the Tenth Circuit dismissed the appeal as untimely. Dkt. # 100. Defendant filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 alleging that he received ineffective assistance of counsel, because his attorney failed to file a notice of appeal. Dkt. ## 104, 105. Judge Payne held an evidentiary hearing on defendant's § 2255 motion, and he considered two additional grounds related to sentencing matters raised by defendant in a reply. Judge Payne denied defendant's § 2255 motion and the Tenth Circuit affirmed the denial of defendant's § 2255 motion. Dkt. ## 162, 193.

On October 2, 2015, defendant filed a § 2255 motion (Dkt. # 205) seeking relief under Johnson v. United States, 135 S. Ct. 2551 (2015). While this motion was pending, defendant obtained authorization from the Tenth Circuit to proceed with a second or successive § 2255 motion asserting a Johnson claim challenging application of the career offender provision of the United States Sentencing Guidelines. Dkt. # 215. Judge Payne appointed Berry Derryberry, an assistant Federal Public Defender, to represent defendant in connection with his Johnson motion, and Derryberry filed a brief (Dkt. # 219) in support of defendant's motion. Dkt. # 217. Defendant also filed an unauthorized pro se supplement (Dkt. # 220) to his motion. Judge Payne determined that defendant was not entitled to relief under Johnson, and he declined to consider new arguments raised

---

[2]   The superseding felony information (Dkt. # 31) was dismissed at sentencing. Dkt. # 76, at 1.

in defendant's pro se supplement. Dkt. # 233. While defendant's motion (Dkt. # 205) was pending, he filed a second request for authorization to proceed with a second or successive § 2255 motion seeking relief under Johnson on the ground that his § 924(c) conviction was invalid. The Tenth Circuit abated this request from June 2016 to December 2019. On December 12, 2019, the Tenth Circuit lifted the abatement and granted defendant authorization to proceed with a second or successive § 2255 motion challenging the validity of his § 924(c) conviction. Dkt. # 264. While defendant's request was in abatement, the Supreme Court issued the Davis decision finding that the residual clause of § 924(c)(3)(B) was unconstitutionally vague. Pursuant to the Tenth Circuit's order, defendant received authorization to file a second or successive § 2255 motion challenging his § 924(c) conviction in light of Davis. Derryberry requested leave to appear on behalf of defendant to assist him with seeking relief under Davis, and the Court appointed Derryberry to represent defendant. Dkt. ## 269, 270. However, defendant sought to terminate Derryberry's representation in connection with defendant's request for relief under Davis, and the Court granted defendant's request to terminate Derryberry's representation. Dkt. ## 271, 272.

On April 9, 2020, defendant filed a second or successive § 2255 motion seeking relief under Davis. Dkt. # 274. Defendant argues that Hobbs Act robbery is not a crime of violence under the elements clause of § 924(c), because the offense can be committed by non-violent means that do not require the use or threatened use of force. Dkt. # 274, at 4. In Johnson, the Supreme Court considered whether the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e) (ACCA), was unconstitutionally vague. Johnson, 135 S. Ct. at 2556. The ACCA provided that a "violent felony" was:

> any crime punishable by imprisonment for a term exceeding one year . . . that

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves the use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another*.

Id. at 2555 (emphasis in original). The final clause of this section of the statute was known as the residual clause. The Supreme Court considered its prior cases interpreting the residual clause and noted the uncertainty in its prior decisions, and found that "this Court's repeated attempts and repeated failures to craft a principled and objective standard out of the residual clause confirm its hopeless indeterminacy." Id. at 2558. The Supreme Court found that the residual clause was unconstitutionally vague, but the Supreme Court did not call into question the validity of the remainder of the ACCA. Id. at 2563. In subsequent decisions, the Supreme Court applied the reasoning of Johnson to other statutes with similar language, and in two cases found that a residual clause in a federal criminal statute was unconstitutionally vague. Sessions v. Dimaya, 138 S. Ct. 1204 (2018) (finding the residual clause of 18 U.S.C. § 16(b) was unconstitutionally vague because it provided no objective way to determine what crimes may ordinarily fit within the definition or what level of risk would be needed to commit a qualifying offense); Davis, 139 S. Ct. 2319 (finding the residual clause of § 924(c)(3)(B) unconstitutionally vague under the reasoning of Johnson). The Tenth Circuit has determined that Davis announced a new rule of constitutional law that is retroactively applicable to cases on collateral review. In re Mullins, 942 F.3d 975, 979 (10th Cir. 2019).

In this case, defendant was convicted of Hobbs Act robbery (count one) and possession of a firearm in furtherance of a crime of violence (count three), and the crime of violence necessary to

sustain defendant's conviction for count three is Hobbs Act robbery. Defendant argues that his § 924(c) conviction is no longer valid, because Hobbs Act robbery could only meet the statutory definition of "crime of violence" under the residual clause that was found unconstitutional in <u>Davis</u>. When defendant was convicted, a "crime of violence" could be any offense that"

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). Subsection (B) is the residual clause that was found unconstitutional in <u>Davis</u>, and an offense must now qualify under § 924(c)(3)(A), known as the elements clause, in order to serve as a predicate offense for a § 924(c) conviction. The Tenth Circuit has already determined that Hobbs Act robbery qualifies as a crime of violence under the elements clause. <u>United States v. Melgar-Cabrera</u>, 892 F.3d 1053, 1060-66 (10th Cir. 2018). <u>Melgar-Cabrera</u> has been challenged several times and it remains good law. <u>United States v. Myers</u>, 786 F. App'x 161 (10th Cir. Nov. 27, 2019); <u>United States v. Johnson</u>, 765 F. App'x 415 (10th Cir. Apr. 10, 2019); <u>United States v. Breshers</u>, 750 F. App'x 768 (10th Cir. Feb. 4, 2019); <u>Unites States v. Harris</u>, 761 F. App'x 852 (10th Cir. Jan. 28, 2019).[3] Defendant's § 2255 motion (Dkt. # 274) ignores <u>Melgar-Cabrera</u> and he fails to acknowledge that his arguments are foreclosed by binding Tenth Circuit precedent. The Court finds that Hobbs Act robbery is a crime of violence under § 924(c)(3)(A) and defendant's conviction under § 924(c) remains valid after <u>Davis</u>.

---

[3] Unpublished decisions are not precedential but are cited for their persuasive value. <u>See</u> Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

The Court has considered the claim raised in defendant's § 2255 motion (Dkt. # 274) and finds that his motion should be denied. Rule 11 of the Rules Governing Section 2255 Proceedings instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing." A petitioner can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (citing Barefoot v. Estelle, 463 U.S. 880, 893 (1983)). After considering the record in this case, the Court concludes that a certificate of appealability should not issue as defendant has not made a substantial showing of the denial of a constitutional right. The record is devoid of any authority suggesting that the Tenth Circuit Court of Appeals would resolve the issues in this case differently.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Dkt. # 274) is **denied**. A separate judgment is entered herewith.

**DATED** this 22nd day of April, 2020.

*[signature]*
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE